Mr. Justice "Johnson
delivered the opinion of the court.
It has not been denied that the words laid in the declaration are actionable. This court has frequently so decided. (See Eden vs. Legare, 1 Bay, 171. Wood vs. King, 1 Nott M'Cord, 185.)
And it is not only incumbent on the plaintiff to set out a good case on his record, but he must prove it, at least substantially. (2 Selwyn N. P. 1168.)
In relation to the first ground in the brief, it is only necessary then to enquire, whether the words proved do support the declaration ? 1
To render words actionable, they must be spoken affirmatively, and import a direct charge. (2 Esp. Dig. 100. Starkie,72. Van Sansselaer vs. Dole, 1 Johnson's Cases, 279.) It follows, therefore, that those that are equivocal or spoken adjectively, are hot so. (6 Bacon, 237, 240. 2 Esp. Dig. 99.) Now the words proved in this case are, that the defendant said to the plaintiff, you are a mulatto, or you are a mulatto looking son of a bitch. Take the first, and they impute a direct legal charge; but take -the latter, and in a legal point of view they are inoffensive ; and which of these were used, the witnesses are unable to state. The plaintiff has not, therefore, proved his case; and the jury have founded their verdict on the conjecture that the first were used, without any evidence to authorize, it.
It has been contended, in opposition to tbs present mo,. *205 cion, that the defendant's reply to the request of the plaintiff, that the witnesses should take notice that the defendant called him a mulatto, was an avowal of that charge, and resolves the doubt as to the words first spoken. I think, not. They are involved in the same doubt and uncertainty, and I am inclined to think would bear a different construction. “ I never eat my words, if you are not a mulatto, your looks belie, you.” The first member of this sentence would seem to be an avowal of the fact charged by the plaintiff, but the explanation given in the last, repels the idea. The plainest exposition which can be given to the whole, taken together, is, ‘s I said you looked like a mulatto, and I think so still.”
Miller, for the motion.
W. F. De Squssure Holmes, contra.
This view of the case supercedes the necessity of considering'the other grounds.' I will, however, remark as to the second, that actions for words spoken in heat, ought not to be encouraged ; although in a legal point of view passion is only a circumstance to repel the presumption of malice, which is the very basis of the action of slander. — - (2 Selwyn, N. P. 1156,) And where it appears to the satisfaction of a jury that they tyere unpremeditated, and spring involuntarily out of a burst of passion, they ought never to find damages.
The' motion is granted.
Justices Mott, .Colcock and Huger, concurred.
Justices Richardson and Gantt, dissented.